UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

July 21, 2023

LETTER TO ALL COUNSEL OF RECORD

Re: *Octavia R. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-2959-BAH

Dear Counsel:

On November 15, 2022, Plaintiff Octavia R. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 7), the parties' cross-motions for summary judgment[1] (ECFs 8 and 14), and Plaintiff's alternative motion for remand (ECF 8). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions for summary judgment, GRANT Plaintiff's alternative motion for remand, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on December 22, 2020, and a Title XVI application for Supplemental Security Income ("SSI") benefits on December 29, 2020. Tr. 186–94. In both applications, she alleged a disability onset of July 15, 2020. *Id.* The claims were denied initially and on reconsideration. Tr. 55–68, 71–86. On February 10, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 30–52. Following the hearing, on March 30, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 12–29. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable

---

[1] Standing Order 2022-04 amended the Court's procedures regarding SSA appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, the nomenclature of parties' filings has changed to "briefs" from "motions for summary judgment." Here, both parties filed motions for summary judgment, and Plaintiff filed an alternative motion for remand.

[2] 42 U.S.C. §§ 301 et seq.

decision of the SSA.  *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since July 15, 2020, the alleged onset date."  Tr. 17.  At step two, the ALJ found that Plaintiff suffered from the severe impairment of "sickle cell anemia."  Tr. 18.  The ALJ also determined that Plaintiff suffered from the non-severe impairments of "asthma, migraine headaches, . . . splenomegaly status-post splenectomy[,] . . . depressive disorder, anxiety, and post-traumatic stress . . . disorder[.]"  *Id*.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 20.  Despite these impairments, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [she] can frequently climb ramps and stairs; cannot climb ladders, ropes, or scaffolds; can occasionally balance, and frequently stoop, kneel, crouch or crawl.  She can have no more than occasional exposure to extreme temperatures, humidity, bright sunlight, loud noise, fumes, dusts, odors, gases, poor ventilation, and other pulmonary irritants [and] [s]he can have no exposure to hazards.

Tr. 21.  The ALJ found that Plaintiff could perform past relevant work as a hospital cleaner (DOT[3] #323.687-010) and a fast-food worker (DOT #311.472-010).  Tr. 25.  Therefore, the ALJ concluded that Plaintiff was not disabled.  *Id.*

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles.  The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)."  *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th

### III. LEGAL STANDARD

As noted, the scope of my review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff's arguments on appeal concern her severe sickle cell anemia. Specifically, Plaintiff argues that the ALJ erroneously: (1) failed to explain why there was no "absenteeism [limitation included] in the RFC despite an abundance of evidence in the record supporting the need for such a limitation"; (2) "improperly focused on isolated instances between [sickle cell anemia] pain crises to characterize the nature and severity of the illness rather than conducting a holistic review"; (3) "made inaccurate statements about the nature and extent of [Plaintiff's] treatment" for sickle cell anemia; (4) "did not conduct a proper assessment of [Plaintiff's] subjective complaints" and (5) erroneously discounted Plaintiff's subjective symptoms based upon her daily activities. ECF 8-1, at 11–20. Plaintiff requests that her case "be reversed and remanded solely for calculation of benefits," or in the alternative, that the case be remanded for further proceedings. *Id.* at 20–21.

Defendant counters that: (1) substantial evidence supports the ALJ's determination that Plaintiff can perform light work despite her sickle cell anemia; (2) the ALJ conducted a holistic analysis by incorporating Plaintiff's testimony into the RFC determination; (3) the ALJ "properly evaluated the nature and extent of" Plaintiff's sickle cell anemia treatment; (4) the ALJ did not discredit Plaintiff's subjective complaints based upon objective medical evidence; and (5) the ALJ appropriately evaluated Plaintiff's daily activities.[4] ECF 14-1, at 4–18. Defendant also avers that remand of the SSA's decision solely for an award of benefits is improper. *Id.* at 18.

The Court begins by discussing Plaintiff's first argument, as it finds this argument dispositive. Plaintiff argues that the ALJ erred by failing to discuss the effect that her frequent absences from work—triggered by sickle cell anemia—would have upon her ability to sustain

---

Cir. 2015).

[4] Defendant does not address Plaintiff's first argument, which concerns the ALJ's alleged failure to address absenteeism in the RFC.

competitive employment on a regular and continuing basis. ECF 8-1, at 11–13. Specifically, Plaintiff contends (and Defendant does not dispute) that "[w]hen averaged out, during the seventeen months from July 2020 to December 2021, [Plaintiff] spent two days per month in treatment for . . . pain crises" related to her sickle cell anemia. *Id.* at 13; *see also id.* at 12–13 (listing Plaintiff's hospitalizations and urgent treatments from this period); *id.* at 13 n.11 (noting that "38 days of treatment / 17 months = 2.24 days"). Accordingly, Plaintiff argues that because she "experiences acute [sickle cell anemia] pain crises in a frequency that would result in absenteeism exceeding the levels compatible with competitive employment according to the VE testimony" in this case, remand is warranted. *Id.* at 13.

Plaintiff is correct that the ALJ's failure to discuss her history of work absences warrants remand. The Fourth Circuit recently held that an ALJ errs by failing to "make or explain a finding on absenteeism" despite the existence of record evidence demonstrating that a claimant's "conditions would require her to miss work for treatment at least once a month." *Dennis v. Kijakazi*, No. 21-2078, 2023 WL 2945903, at *1, *6 (4th Cir. Apr. 14, 2023). In *Dennis*, the claimant suffered from, among other impairments, severe fibromyalgia. *Id.* at *4. In the span of just over two years, the claimant made "dozens of visits to health-care providers" for this and other impairments and "visited the emergency room six times." *Id.* at *1. At the claimant's hearing, a vocational expert testified that seven to 10 work absences per year would subject the claimant to termination. *Id.* at *5. Despite this evidence and testimony, the ALJ did not discuss: "(1) the frequency of [the claimant's] medical treatment, (2) how the frequency of [the claimant's] medical treatment would impact absenteeism, or (3) how [the claimant's] frequent medical treatment would impact the VE's testimony that [a hypothetical claimant] missing more than 7 to 10 days [of work] per year 'would be subject to firing.'" *Id.* The Fourth Circuit determined that this oversight constituted error because it forced a reviewing court to "guess why the ALJ failed to address the obvious implications of [the claimant's] frequent medical treatment." *Id.*

Similarly, this Court ordered remand when an ALJ failed to address a claimant's "anticipated" need to be absent from work as a result of the claimant's severe impairment of recurrent kidney stones. *Payne v. Comm'r, Soc. Sec. Admin.*, No. SAG-14-1015, 2015 WL 412923, at *1–2 (D. Md. Jan. 29, 2015). In *Payne*, the claimant's medical records indicated 17 instances in one year of seeking medical attention for kidney stones or related issues, and 18 instances in the following year of seeking medical attention for similar issues. *Id.* at *1. While the vocational expert testified that absences of more than one day per month would preclude work, the ALJ "did not discuss" the issue of the claimant's "anticipated absenteeism, which [was] evident from the record." *Id.* The Court determined that this oversight warranted remand because it was "unclear from the record" how the claimant could sustain employment on a regular and continuing basis "without having excessive absenteeism that would likely result in his termination." *Id.*

The ALJ's analysis in the instant case is similarly flawed. Here, the ALJ noted, and did not explicitly discount, Plaintiff's testimony that she "has sickle cell crises that require treatment once per month." Tr. 21–22. The ALJ also summarized Plaintiff's treatment records, which indicate that Plaintiff underwent multiple treatments in 2020 and 2021 for "sickle cell crises." Tr. 21–23. Despite these extensive records, the ALJ determined that "a limitation to light work" was

warranted due, in part, to treatment records noting that Plaintiff's sickle cell anemia was "asymptomatic" in August 2021. Tr. 23. But regardless of the state of Plaintiff's symptoms in August 2021, the record indicates that Plaintiff visited the hospital yet again on October 3, 2021, due to another "sickle cell pain crisis." Tr. 1652.

To be sure, Plaintiff's treatments for sickle cell anemia appear to have usually alleviated her symptoms, albeit temporarily. *See, e.g.*, Tr. 23 ("Her pain subsequently improved [in June 2021], and she was discharged less than 48 hours later[.]"), *id.* ("She was started on Dilaudid and given an exchange transfusion which significantly improved her pain [in November 2021]."). But neither the record nor the ALJ's decision suggests that Plaintiff's "sickle cell pain crises" have permanently subsided. Nor is it clear from record or the ALJ's decision that Plaintiff's regular and emergency treatments for sickle cell anemia can be expected to cease. *See* Tr. 1128 ("[Plaintiff] was diagnosed [with sickle cell anemia] at birth, [and] has been having pain crises since a young age.").

Compounding this issue, the vocational expert testified that: (1) work absences in excess of "eight days per year" and (2) "regular and continuing" absences of "one day per month" would both preclude employment. Tr. 50–51. As Plaintiff persuasively argues, the medical record demonstrates that Plaintiff's previous absences from work (should they continue at a similar rate) would exceed the number of absences which the vocational expert indicated as acceptable. ECF 8-1, at 13. Accordingly, the ALJ's failure "to address the obvious implications of [Plaintiff's] frequent medical treatment," in light of the vocational expert's testimony regarding tolerable absenteeism, amounted to error. *Dennis*, 2023 WL 2945903, at *5. Because the ALJ's lack of explanation makes it unclear how Plaintiff could sustain regular and continuing work "without having excessive absenteeism that would likely result in [her] termination," remand is warranted. *Payne*, 2015 WL 412923, at *1. On remand, the ALJ: (1) should explain how Plaintiff's need to seek frequent treatment affects her ability to sustain work, given the vocational expert's testimony; and (2) should amend the RFC to accommodate this issue, if necessary.

In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct. As such, I decline Plaintiff's invitation to reverse and remand the SSA's decision "solely for calculation of benefits." ECF 8-1, at 20. The Fourth Circuit has long adhered to the principle that district courts may reverse a case for payment of benefits only in "rare circumstances." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). The reviewing court is not permitted to conduct a *de novo* inquiry into the matter or to weigh conflicting evidence. *Id.* Accordingly, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Those rare circumstances only exist where the record clearly established disability and "reopening the record for more evidence would serve no useful purpose." *Breeden v. Weinberger*, 492 F.2d 1002, 1012 (4th Cir. 1974). Here, I cannot determine that the record clearly establishes Plaintiff's disability. *See id.* Thus, remanding for the sole purpose of calculating benefits is improper.

*Octavia R. v. Kijakazi*
Civil No. 22-2959-BAH
July 21, 2023
Page 6

Lastly, because the case is being remanded solely on the basis of the ALJ's failure to discuss Plaintiff's absenteeism, I do not address Plaintiff's remaining arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion.

## V. CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 8, is DENIED and Defendant's motion for summary judgment, ECF 14, is DENIED. Plaintiff's alternative motion for remand, ECF 8, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge